UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                                |
|------------------------------|---|--------------------------------|
| HERMAN WOODEN,               | : |                                |
|                              | : |                                |
| Petitioner,                  | : |                                |
|                              | : |                                |
| v.                           | : | Civil Action No. 10-0305 (RWR) |
|                              | : |                                |
| UNITED STATES OF AMERICA,    | : |                                |
|                              | : |                                |
| Respondent.                  | : |                                |

**MEMORANDUM OPINION**

This matter is before the Court on Herman Wooden's petition for a writ of habeas corpus, which he brings under 28 U.S.C. § 2241. For the reasons discussed below, the petition will be denied.

BACKGROUND

On April 28, 1988, in the Superior Court of the District of Columbia ("Superior Court"), petitioner "entered a guilty plea to tampering with physical evidence, unlawful possession of drug paraphernalia, and attempted possession with intent to distribute cocaine." Pet. at 1 (page numbers designated by petitioner). The court imposed concurrent prison terms of 30 days and 9 to 27 months for, respectively, unlawful possession of drug paraphernalia and attempted possession with intent to distribute cocaine. *Id.* In addition, the court imposed a prison term of one to three years for tampering with physical evidence, suspended the sentence, and instead imposed a three-year term of probation. *Id.* Petitioner was released from custody on June 12,

1

1989, at which time his term of probation began. *Id.* While on probation, petitioner was charged with conspiracy and possession with intent to distribute cocaine, and on his conviction in the United States District Court for the Eastern District of Virginia, he was sentenced to a prison term of 292 months. *Id.* at 2. As a result of the federal conviction, petitioner's probation was revoked on or about February 21, 1991. *Id.*

In March 1992, petitioner sought in the Superior Court "post-conviction relief and moved to vacate his [guilty] plea and sentence based on errors made by the court and ineffective assistance of counsel." Pet. at 2. The Superior Court construed his filing as a motion attacking his sentence under D.C. Code § 23-110, and denied the motion on February 7, 1994. *Id.* Petitioner since has made several attempts to withdraw his guilty plea both in the Superior Court and in the District of Columbia Court of Appeals, *see id.* at 2-7, 10, and he has filed a petition for a writ of certiorari in the Supreme Court of the United States seeking review of the Court of Appeals' decisions. *See id.* at 7-8, 11. Apparently the Supreme Court returned petitioner's submission because it failed to comply with its rules. *See id.* at 7. On January 26, 2009, the Supreme Court denied petitioner's "motion for failure to comply with the court's order to 'fix' the filing of [his] petition." *Id.* at 11. His efforts have been complicated by his transfers from one correctional facility to another, during which time he had no access to his legal materials. *See id.* at 11-12. According to petitioner, "[a]s a result of lack of access to his legal materials, [he] has been unwillingly forced to violate a court order by failing to correct a petition before the [Supreme Court]." *Id.*

Petitioner files the instant petition "in order to preserve his rights due to the rejection by the U.S. Supreme Court being stamped on January 26, 2009." Pet. at 12. He requests a writ of

habeas corpus "in order to protect [him] from a total miscarriage of justice," or in the alternative, he requests a stay of these proceedings so that he may obtain his legal materials from the Federal Bureau of Prisons. *Id.*

DISCUSSION

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentences "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[1] D.C. Code § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention").

Petitioner argues that a remedy under D.C. Code § 23-110 is inadequate or ineffective "due to the . . . Superior Court ruling that [he] was procedurally barred from withdrawing his

---

[1] The phrase "'[r]emedy by motion' plainly refers to motions filed pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, No. 09-9114, 2010 WL 604310 (U.S. Mar. 29, 2010).

3

guilty plea[.]" Pet. at 1. His argument is meritless, as a petitioner's lack of success in any previous attempt to collaterally attack his conviction or sentence by means of a motion under D.C. Code § 23-110(g) does not render this local remedy inadequate or ineffective. *See Branch-El v. United States*, No. 10-0328, 2010 WL 737337, at *1 (D.D.C. Mar. 2, 2010) ("The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective."); *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner also declares that he is innocent of the charges to which he pled guilty, and thus seeks a writ of habeas corpus "in order to avoid a total miscarriage of justice," as well as for relief for alleged violations of rights protected under the Fifth and Sixth Amendments to the United States Constitution. Pet. at 1. He apparently asserts his innocence as a way to overcome any procedural bar to bringing a second or subsequent collateral attack on his conviction and sentence under *Schlup v. Delo*, 513 U.S. 298 (1995), wherein the Supreme Court held that a procedural bar can be overcome if the evidence of innocence is "so strong that a court cannot have confidence in the outcome of the trial . . . ." *Id.* at 316. Here, petitioner offers nothing more than a bare and unsupported assertion of innocence, falling far short of "a colorable showing of factual innocence" which may warrant review of a successive petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (Powell, J. plurality opinion). Moreover, petitioner could have raised his actual innocence claim in a motion under D.C. Code § 23-110. *Cf. Bouknight v. United States*, 867 A.2d 245, 257 (D.C. 2005) (noting that "the substance of [the appellant's] claim of actual innocence was submitted in his § 23-110 motion[,]" and that the "hearing on his § 23-110 motion dealt directly with his claim of innocence").

CONCLUSION

Petitioner does not show that the remedy available to him in the Superior Court is inadequate or ineffective, and therefore he has no recourse in this federal district court. Accordingly, the petition will be denied and this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

Signed this 27th day of April, 2010.

                                            /s/
                                  RICHARD W. ROBERTS
                                  United States District Judge